UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEO MYRON DICKERSON,<br><br>Defendant. | CASE NO. CR26-029RSM<br><br>ORDER DENYING EX PARTE MOTION FOR ISSUANCE OF DOCUMENTS SUBPOENA |

This matter comes before the Court on Defendant's *ex parte* Motion for Issuance of Documents Subpoena under Rule 17(c), Dkt. #20. Because the motion was filed under seal, the Government has not had an opportunity to review Defendant's subpoena requests. The Court has made every effort to draft this Order so that it need not be sealed.

The Court has discretion to determine whether Defendant has met his burden of production and, whether under the circumstances, Rule 17(c) requires the Court to entertain Defendant's ex parte motion for subpoenas duces tecum. *See United States v. Nixon*, 418 U.S. 683, 699-700, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974). A party seeking pretrial production must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended to as a general "fishing expedition."

*Nixon*, 418 U.S. at 699-700. Courts have consistently stated that Rule 17(c) "is not intended to provide a means of discovery in a criminal case." *United States v. George*, 883 F.2d 1407, 1418 (9th Cir. 1989). Rather, it offers a means "to expedite trial by providing a time and place before trial for the inspection of subpoenaed materials." *Nixon*, 418 U.S. at 689-99.

In this Motion, Defendant seeks to proceed *ex parte* with this subpoena, arguing that he "cannot make the required showing without revealing trial strategy." Dkt. #20 at 7. The Court finds that Defendant has failed to prove this point. Some courts have construed Rule 17(c) as foreclosing the issuance of subpoena *duces tecum* upon an *ex parte* application, other courts have held that *ex parte* applications under Rule 17(c) may be appropriate in limited circumstances. *See United States v. Garg*, 2024 U.S. Dist. LEXIS 1372, *4 (W.D. Wash., January 3, 2024). This Court has recently stated that there "can be no 'right' to *ex parte* procurement of subpoenaed documents pretrial if the court has discretion to supervise their production by permitting both parties inspection prior to trial." *Id*. at *5. As in *Garg*, the Court finds in this case that Defendant has failed to otherwise justify proceeding with this Motion *ex parte*. Accordingly, the Court will deny this Motion on this basis alone and not address the remaining elements under *Nixon*, *supra*.

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant's *ex parte* Motion for Issuance of Documents Subpoena under Rule 17(c), Dkt. #20, is DENIED with leave to re-file as an opposed motion.

DATED this 15th day of October, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE